**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY**

LEEANN HAGAN,

      Plaintiff,

vs.

CITIBANK, N.A.,

      Defendant.

**Case No.:** 3:17-CV-451-DJH

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. TCPA, 47 U.S.C. § 227
2. KRS 367.170

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Leeann Hagan ("Plaintiff"), through her attorneys, alleges the following against Defendant, Citibank, N.A. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Kentucky Consumer Protection Act ("KCPA"), at KRS 367.170, which forbids unfair, false, misleading or

deceptive acts in trade or commerce.

## JURISDICTION AND VENUE

3. Plaintiff resides in the State of Kentucky, and therefore, personal jurisdiction is established.

4. Jurisdiction of the court arises under 47 U.S.C. § 227.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Louisville, Jefferson County, Kentucky.

7. Defendant is a creditor engaged in the business of giving loans and managing credit accounts with its principal place of business located in New York, New York. Citibank is the bank that manages the credit card accounts and can be served with process in 701 East 60th Street North, Sioux Falls, SD 57104.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant was attempting to collect an alleged debt from Plaintiff.

10. Plaintiff's debt arises from purchases and services primarily for personal, family and household purposes.

11. In or around October 2016, Defendant began placing calls to Plaintiff's cellular phone number (502) 644-3941, in an attempt to collect an alleged debt.

12. The calls mainly originated from (800) 388-2200. Upon information and belief, these numbers are owned or operated by Defendant.

13. On or about October 27, 2016, Plaintiff answered a call from Defendant on her cellular phone.

14. Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

15. Defendant informed Plaintiff that it was attempting to collect a debt.

16. During that call, Plaintiff asked for calls to her cell phone to cease. Despite her request, Plaintiff continued to receive calls on her cellular phone.

17. On or about November 12, 2016 at 4:44 p.m., Plaintiff answered a call from Defendant on her cellular phone.

18. Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

19. Defendant informed Plaintiff that it was attempting to collect a debt.

20. During that call, Plaintiff asked for calls to her cell phone to cease. Despite her request, Plaintiff continued to receive calls on her cellular phone.

21. On or about February 4, 2017 at 10:45 a.m., Plaintiff answered a third call from Defendant originating from (800) 388-2200.

22. Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

23. Defendant informed Plaintiff that it was attempting to collect a debt.

24. During that call, Plaintiff asked for calls to her cell phone to cease, a second time. Despite her request, Plaintiff continued to receive calls on her cellular phone.

25. Defendant called Plaintiff up to an average of three (3) to four (4) times per day every day between October 27, 2016 to February 4, 2017. For example, Defendant called Plaintiff on her cellular phone on the following days:

   a. On October 31, 206, at 8:58 a.m., 11:59 a.m., 3:00 p.m., and 7:31 p.m.;

   b. On November 1, 2016, at 9:39 a.m., 12:43 p.m., 3:44 p.m., and 6:51 p.m.;

   c. On November 2, 2016, at 8:26 a.m., 11:27 a.m., 2:28 p.m., and 5:30 p.m.;

   d. On November 3, 2017, at 10:10 a.m., 1:21 p.m., 4:24 p.m., and 7:37 p.m.; and

   e. On November 4, 2016, at 9:59 a.m., 1:05 p.m., 4:11 p.m., and 7:29 p.m.

26. Between October 27, 2016 to October 31, 2016 there were approximately eighteen (18) calls made to Plaintiff's cell phone by the Defendant.

27. Between November 1, 2016 to November 30, 2016 there were approximately one-hundred and ten (110) calls made to Plaintiff's cellular phone by Defendant.

28. Between December 1, 2016 to December 31, 2016 there were approximately One-hundred (100) calls made to Plaintiff's cellular phone by Defendant.

29. Between January 1, 2017 to January 30, 2017 there were approximately there were approximately One-hundred twenty-five (125) calls made to Plaintiff's cellular phone by Defendant.

30. Between February 1, 2017 to February 4, 2017 there were approximately fifteen (15) calls made to Plaintiff's cellular phone by Defendant.

31. Defendant called Plaintiff no less than three-hundred sixty-eight (368) times between October 27, 2017 to February 4, 2017.

32. Upon information and belief, Defendant called Plaintiff using automatic telephone dialing system or predictive dialer.

33. The conduct was not only willful, but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

34. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

35. Plaintiff is employed as an accountant and has her cellular phone nearby her at all times.

36. Due to Defendant's incessant calls, Plaintiff has had negative complaints for disturbances when her phone is constantly ringing because of Defendant.

37. Defendant's conduct induced stress, anxiety, and embarrassment in her place of work.

38. Plaintiff has endured increasingly high levels of stress, has lost focus on work, and has become fearful of the phone calls due to its impact on her employment.

39. The incessant calls have also affected Plaintiff's minor child who has become aware of the calls and the anxiety and stress that the calls from Defendant have caused Plaintiff.

//

//

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

42. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant

knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violation of KCPA, KRS 367.220)

43. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length, and further states that the actions taken by the Defendant constitute a violation of the KCPA.

44. KRS 367.170 forbids unfair, false, misleading or deceptive acts in trade or commerce.

45. Plaintiff is entitled to actual damages, punitive damages, and attorney's fees for the violation by Defendant, pursuant to KRS 367.220.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Leeann Hagan, respectfully requests judgment be entered against Defendant, Citibank, N.A., for the following:

A. Punitive damages as allowed by KRS 367.170, et seq.;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Costs and reasonable attorneys' fees pursuant to KRS 367.170, et seq.;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

Dated: July 19, 2017

RESPECTFULLY SUBMITTED,

By: /s/ *Stefanie Ebbens Kingsley*
    Stefanie Ebbens Kingsley Law, PLLC
    100 N. Main Street, Suite 300
    Corbin, KY 40701
    (606) 261-2240 Office
    Stefanie@sek-law.com
    *Attorney for Plaintiff, Leeann Hagan*

COMPLAINT AND DEMAND FOR JURY TRIAL

- 8 -